**UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF KENTUCKY**

**LOUISVILLE DIVISION**

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor, | )<br>)<br>) |
| Plaintiff | ) Civil Action No. 3:15-cv-00562-CRS-DW<br>)<br>) |
| v. | )<br>) |
| KDE EQUINE, LLC, d/b/a STEVE ASMUSSEN STABLES, and STEVE ASMUSSEN, | )<br>)<br>)<br>) |
| Defendants | ) |

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

Pursuant to Local Rule 37.1, Plaintiff, through his undersigned counsel, hereby respectfully submits the instant memorandum of law in support of his Motion to Compel in the above-captioned action.

### Procedural Background

1. On December 2, 2015, the Secretary propounded his "First Set of Interrogatories," "First Set of Requests for Admission," and "First Set of Requests for Production of Documents," (Exhibit A) to defendants.

2. On January 19, 2016, the defendants emailed and sent by U.S. mail the following: Responses to Secretary's First Set of Interrogatories (Exhibit B); Responses to Secretary's First Set of Requests for the Production of Documents (Exhibit C); and Responses to Secretary's First Set of Requests for Admissions (Exhibit D).

3. At the time of defendants' initial response to the Secretary's written discovery, the defendants did not produce any documents or records in addition to those already provided during Wage and Hour's investigation before filing of this lawsuit.

4. The parties engaged in mediation before the Court on February 11, 2016 (ECF Doc. No. 25). The Settlement Conference Report provided that each party was to exchange letter requests for documents by February 23, 2016, and to produce the requested documents by March 23, 2016 (ECF Doc. No. 25).

5. The defendants responded to the Secretary's letter request timely on March 21, 2016; however, the defendants marked this letter as "Privileged and Confidential – Settlement Communication", and further marked all of the documents provided as "Documents Produced During Settlement Negotiations."

6. After a telephonic status conference on March 29, 2016, the Court ordered the defendants to "provide the

(Secretary) with the requested information regarding 'hot walkers' and 'grooms', and support for employees claimed to be exempt, no later than April 15, 2016." (ECF Doc. No. 27).

7. The defendants timely responded to the Court's order by letter dated April 15, 2016; however the defendants marked the letter as "Privileged and Confidential – Settlement Communication," and the requested information as "Privileged – Settlement Communication (Fed.R.Evid. 408)".

8. The parties held a second mediation before the Court on May 18, 2016, which was unsuccessful.

9. By letter dated June 22, 2016, the Secretary, through counsel, sent a letter, pursuant to FRCP Rule 33 and Local Rule 37.1, to all of the defendants setting forth, in detail and with citations to relevant case law, the Secretary's position as to why, and in what particular manners, the defendants' responses to the Secretary's initial written discovery propounded on December 2, 2015, were incomplete and therefore deficient (Exhibit E). The Secretary requested a response by July 11, 2016.

10. On July 8, 2016, one of defendants' counsels emailed Secretary's counsel and stated that they were working on a response to the Secretary's June 22, 2016 letter, and would be in touch soon.

11. On July 26, 2016, the Secretary's counsel inquired of the defendants' counsel when to expect a response. On that same date, Clark Brewster, counsel for defendants, stated that he would endeavor to formally respond soon. In response, Secretary's counsel stated that the Secretary looked forward to the defendants' response by Thursday, August 4, 2016 (or some 24 days after the initial requested response deadline).

12. As of today's date, defendants have still not responded.

**Argument**

As noted by this Court in <u>Albritton v. CVS Caremark Corporation</u>, 2006 WL 3580790 (W.D. Kentucky, June 28, 2016):

> Federal Rule of Civil Procedure 26 allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." (footnote omitted). Fed. R. Civ. P. 26(b)(1). *See also* Fed. R. Civ. P. 26(b) advisory committee's note to 2015 amendment. Relevance is to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted). The movant of a motion to compel discovery bears the burden of demonstrating relevance. *See United States ex rel. Gruenbaum v. Werner Enters., Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio 2010); *Anderson v. Dillard's, Inc.*, 251 F.R.D. 307, 309-10 (W.D. Tenn. 2008). Based upon the purpose of the Civil Rules, however, that threshold is relatively low. *See John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298

4

>     F.R.D. 184, 186 (S.D.N.Y. 2014); *Wrangen v. Pa. Lumbermans Mut. Ins. Co.*, 593 F. Supp. 2d 1273, 1278 (S.D. Fla. 2008). The Court has wide discretion when dealing with discovery matters, such as deciding if information might be relevant. *See S.S. v. E. Ky. Univ.*, 532 F.3d 445, 451 (6th Cir. 2008); *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981).

Id. at *3.

As more particularly noted in the Secretary's June 22, 2016 letter (Exhibit E), the Secretary's Interrogatory and Production Requests are both relevant to the issues, and proportional to the needs of, this case. Much of the information sought is independently required to be maintained by employers pursuant to the record-keeping requirements of the Fair Labor Standards Act of 1938, particularly the regulations promulgated thereunder at 29 C.F.R. Part 516. In addition to this legal requirement to maintain such information, the information sought on defendants' employees is particularly within the custody and control of the defendants.

Federal Rule 37 serves as the appropriate vehicle through which to seek a court order mandating responses to properly served discovery requests, as well as to require Defendants' cooperation in discovery. In particular, the rule provides that "on notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery," FED. R. CIV. P. 37(a)(1), and specifically

5

authorizes such relief in those instances in which "a party failed to answer an interrogatory submitted under Rule 33," or "fails to produce documents … as requested under Rule 34." FED. R. CIV. P. 37(a)(3)(B)(i);(ii). Further, "an evasive or incomplete … answer, or response must be treated as a failure to … answer, or respond." FED. R. CIV. P. 37(a)(4).

As noted in the Plaintiff's Motion to Compel and specifically raised in the Plaintiff's June 22, 2016 letter (Exhibit E), these are the exact circumstances in the instant action, as Defendants have provided evasive or incomplete answers for Interrogatory Nos. 2, 3, 4, 5, 6, 7, 13, 14, 15, and 18, which under the rules effectively is a failure to disclose, answer or respond. FRCP Rule 37(a)(4). Defendants have also failed to produce documents, or allow for inspection of documents, responsive to Plaintiff's Rule 34 requests (specifically Request Nos. 14 and 19). Given Defendant's failure to make credible objections to those requests, and failure to provide complete answers and responses in accordance with Federal Rule 37, Defendants should be ordered to provide full and complete responses to those requests.

As an additional matter, the Plaintiff contends that the defendants' answers/objections to Request for Admission Nos. 1, 4, 5, 7, 8, 9 and 10 are insufficient, and therefore

6

pursuant to FRCP Rule 36(a)(6), the defendants should be ordered to amend their answers.

## Conclusion

For the foregoing reasons, Plaintiff respectfully requests that this court enter an order compelling full and complete responses to Plaintiff's written discovery requests, and to order the defendants and/or their attorneys to pay the Secretary's reasonable expenses incurred in making this motion, including attorney's fees.

                                      Respectfully submitted,

                                      M. PATRICIA SMITH
                                      Solicitor of Labor

                                      STANLEY E. KEEN
                                      Regional Solicitor

POST OFFICE ADDRESS:         THERESA BALL
                                      Associate Regional Solicitor

Office of the Solicitor
U. S. Department of Labor
618 Church Street                 /s/ Neil A. Morholt
Suite 230                                    NEIL A. MORHOLT
Nashville, Tennessee  37219-2440  Attorney

Telephone: (615) 781-5330 ext. 234  THOMAS J. MOTZNY
Fax No. (615) 781-5321            Attorney

## CERTIFICATE OF SERVICE

I certify that on August 5, 2016, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

>
> s/ Neil A. Morholt
> NEIL A. MORHOLT
> U. S. Department of Labor
> Office of the Solicitor
> 618 Church Street, Suite 230
> Nashville, Tennessee  37219