U. S. Department of Labor

OFFICE OF THE SOLICITOR
618 CHURCH STREET
SUITE 230
NASHVILLE, TN 37219-2440
Telephone: (615) 781-5330, ext. 234
FAX: (615) 781-5321
SOL/NAM/VT




June 22, 2016

Clark O. Brewster, Esq.
Mark Jennings, Esq.
BREWSTER & DE ANGELIS, PLLC
2617 E. 21st Street
Tulsa, OK 74114

Kent Wicker, Esquire
DRESSMAN BENZINGER LAVELLE PSC
321 W. Main Street, Suite 2100
Louisville, KY 40202

Kelly Schoening Holden, Esq.
DRESSMAN BENZINGER LAVELLE PSC
Atrium Two, Suite 2500
221 East 4th Street
Cincinnati, Ohio 45202

Re: Perez v. KDE Equine, LLC, et al.
U.S District Court Docket No. 3:15 CV-562-CRS-DW

Dear Counsel:

Please accept this letter as a good-faith attempt to confer to resolve certain deficiencies in your interrogatory answers, document request responses, and responses to requests for admission, in an effort to obtain such without court action. FRCP Rule 33; Local Rule (LR) 37.1. This does not mean that the Secretary waives his right to question in the future the sufficiency of your responses to written discovery in any manner not specifically raised in this letter.

Before dealing with your individual answers, the Secretary must address three major objections which predominate your answers, and indeed, make it impossible for the Secretary to determine whether you have actually answered the questions posed. Answering an interrogatory "notwithstanding" or "without waiving" any objections leaves the propounding party wondering "[w]hat additional responsive information, if any, is being withheld based upon the stated objection?" *G'Francisco v. GoFit, LLC*, No. 3:13-1084, 2015 WL 247873, at *2 (M.D. Tenn. Jan. 20, 2015). Your answers fall squarely into that category.

EXHIBIT "E"

Objections Based on Numerosity:

You have objected to every interrogatory, starting with Interrogatory No. 2, as exceeding the limit set forth by the Federal Rules of Civil Procedure. The Secretary does not believe this is a valid objection or that the objection was properly made or preserved.

First, you may not count each interrogatory as applied to each employee as a separate interrogatory. Such a reading would render written interrogatories essentially pointless for virtually any case under the FLSA involving multiple affected employees. While the parties may disagree, in good faith, whether Interrogatory Nos. 2 and 3 constitute more than one interrogatory, your contention that Interrogatory Nos. 2 and 3 constitute several hundred (based as it is upon the number of employees for which the information is sought) is untenable.

Moreover, by "answering" in the manner you have, you have waived your numerosity objection. *See, e.g., Paananen v. Cellco P'ship*, No. C08-1042 RSM, 2009 WL 3327227, at *5 (W.D. Wash. Oct. 8, 2009) (holding that a party must answer the first 25 interrogatories and waives the objection to the propounding party's excess by answering more) (citing 7 James W. Moore, Moore's Federal Practice § 33.30 (3d ed.1997)). By providing a non-answer to each interrogatory notwithstanding your numerosity objection, you have essentially shifted the burden of seeking a protective order onto the Secretary, rather than seeking one yourself. Further still:

> When a party exceeds the interrogatory limit set by the court or Rule 33, the responding party is not free to choose the interrogatories to which it will respond. Such a rule would allow the responding party to "selectively respond to the interrogatories and thereby strategically omit the most prejudicial information." *Herdlein Technologies, Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104 (W.D.N.C.1993). Additionally, the party propounding interrogatories has a right to have 25 interrogatories of its own choosing answered fully and completely. *Id.* at 104–05; *see also* 7 James W. Moore, Moore's Federal Practice § 33.30 (3rd. ed.1997) (noting that selecting interrogatories rather than answering them in numerical order "would clearly be improper").

*Paananen*, 2009 WL 3327227, at *4. Rather than answering what you contend are 25 interrogatories, you have selectively provided information to a few of the interrogatories throughout the 20 propounded by the Secretary. This is not a permissible way to respond.

Objections to Lack of Word Definitions:

In a number of your answers, you have objected to the lack of definitions for common-place words. For instance, in answer to Interrogatory No. 3, you state:

> The interrogatory is further objected to as vague, in that it asks the Defendants to provide information regarding "all persons" who "worked or performed services" for KDE, without identifying any of said persons, without limiting the scope of the persons about

> whom they are inquiring to 'hot walkers' and 'grooms' (the *Complaint* specifically categorizes the 'employees at issue' as 'hot walkers and/or grooms') and without defining or limiting in any way the "work" or "performed services" presumed to be the subject of the interrogatory, or for that matter whether the Plaintiff proposes the two terms are distinct and different.

A party responding to discovery requests "should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories." *Johnson v. Kraft Foods N. Am., Inc.*, 238 F.R.D. 648, 655 (D. Kan. 2006). If necessary to clarify its answers, the responding party may include any reasonable definition of the term or phrase at issue. *McCoo v. Denny's Inc*., 192 F.R.D. 675, 694 (D. Kan. 2000).

You simply have not done this, nor have you demonstrated why any ambiguity in these words has prevented you from providing an answer.

Objections To The Scope Of The Discovery Sought:

You have objected in several interrogatory answers to the scope of the Secretary's requests. For instance, in Interrogatory No. 3 you state:

> Defendants further object that the DOL appears to be seeking information about employees who have not been employed by KDE at Churchill Downs or even within the State of Kentucky. DOL's representative in charge of the pre-suit investigation specifically informed Defendants' undersigned counsel that his investigation, which culminated in this lawsuit, was limited to Defendants' operations within the State of Kentucky, Accordingly, any inquiry regarding persons not employed by the Defendants within the State of Kentucky is overreaching, overly broad, unduly burdensome, and directly contrary to DOL's representations.

As with your other objections, you do not provide an answer to the portion with which you do not find objectionable, e.g. hot walkers and grooms at Churchill Downs. Rather, no answer at all is provided.

The Secretary will limit the scope these interrogatories and document requests to employees within the Commonwealth of Kentucky who performed services as hot walkers, grooms, and "exercise riders." There is ample reason to believe that employees regularly travel within Kentucky and to locations in other states, which makes other locations beyond Churchill Downs relevant. To the extent you have withheld information applicable to these persons, please provide it.

Finally, the scope of the Secretary's pre-suit investigation in no way prevents the Secretary from seeking discovery beyond what was disclosed in that investigation. A vague allegation that someone with the Department of Labor told you something different does not justify a refusal to answer discovery. No agreement between the parties exists to the contrary.



The Secretary will now address those issues specific to the categories of written discovery that were propounded.

**Interrogatories**

**Interrogatory No. 2**:

Interrogatory No. 2 seeks the name, job title, dates of employment, hours worked and wage rate for the individuals listed in Exhibit B of the Complaint. This information is largely required to be kept by the defendants pursuant to 29 C.F.R. § 516.2.

Your objection, both that these employees are not specifically identified as "hot walkers or grooms" or as employees at Churchill Downs, is particularly off-based given that you know that these employees are those disclosed in Wage and Hour's Investigation of Churchill Downs which focused on hot walkers and grooms.

After your numerous objections, by way of answering, you have referred the Secretary to the documents previously produced. While the federal rules do permit parties to refer to documents in answering interrogatories under Rule 33(d), that rule does not discharge the responding party's duty by invocation alone:

> The producing party must satisfy a number of factors in order to meet its justification burden. First, it must show that a review of the documents will actually reveal answers to the interrogatories. 8A [Charles Alan Wright, Federal Practice and Procedure] § 2178, at 330 [2d ed. 1994]. In other words, the producing party must show that the named documents contain all of the information requested by the interrogatories. *Oleson v. Kmart Corp.,* 175 F.R.D. 560, 564 (D. Kan.1997). Crucial to this inquiry is that the producing party have adequately and precisely specified for each interrogatory, the actual documents where information will be found. 8A Wright, *supra,* § 2178, at 336. Document dumps or vague references to documents do not suffice. *Capacchione v. Charlotte–Mecklenburg Schools,* 182 F.R.D. 486 (W.D.N.C.1998) (200 boxes); *In re Bilzerian,* 190 B.R. 964 (Bankr.M.D.Fla.1995) (28 boxes). Depending on the number of documents and the number of interrogatories, indices may be required. *O'Connor v. Boeing North American, Inc.,* 185 F.R.D. 272, 278 (C.D.Cal.1999).

*U.S. S.E.C. v. Elfindepan, S.A.*, 206 F.R.D. 574, 576-77 (M.D.N.C. 2002). You have not met this burden, but rather, have referred to documents produced piece meal throughout Wage and Hour's investigation.

Further, your document request responses state that you have produced documents *and will make additional documents available at a mutually convenient time in the future*. However, these



interrogatory answers only refer to documents previously produced. You cannot rely upon unproduced (or withheld) documents to satisfy your obligations to respond to interrogatories.

Please supplement your answer with responsive information.

**Interrogatory No. 3**:

The Secretary is aware that certain employees others than those listed on Exhibit B worked at Churchill Downs as hot walkers, grooms and "exercise riders." This interrogatory seeks the same information as Interrogatory No. 2 for those individuals not listed on Exhibit B, but who performed the same functions. As stated above, the Secretary will limit this request to individuals who worked or performed services in Kentucky for KDE.

Again, you have referred to documents produced during the Wage and Hour Investigation. That answer is insufficient for the same reasons it is an insufficient response to Interrogatory No. 2. Further, since you have not produced any documents related to employees in Kentucky other than those at Churchill Downs, the documents are necessarily incomplete.

Please supplement your answer with responsive information.

**Interrogatory Nos. 4 and 5**:

These interrogatories seek information regarding certain individuals who were treated as independent contractors. If an employee is misclassified as an independent contractor, an employer may be liable for violations of record keeping, minimum wage and overtime laws. Likewise, an employer may defend against a claim of minimum wage and overtime violations by showing that an employee was really an independent contractor. Contrary to your assertion that this question is a "fishing expedition," this interrogatory goes to the core allegations of the case, which includes that the defendants have failed to be in compliance with the requirements of the FLSA.

Please supplement your answer with responsive information.

**Interrogatory No. 6:**

This interrogatory seeks information regarding how KDE determined and recorded the hours worked by individuals who performed services for KDE. This interrogatory has not been answered,and references to documents produced do not provide the answer. The Secretary seeks to know how time was determined and recorded for individuals who performed services for KDE. That question is at the heart of whether the hours worked by employees are accurate.

Please supplement your answer with responsive information.



**Interrogatory No. 7:**

This interrogatory seeks the identity of documents or employment records which reflect daily and/or weekly hours worked, monies received, and rates of pay for employees of KDE.

The Secretary cannot tell whether you have produced all responsive documents or only the documents that you wish to produce based on your various objections. Again, since you have not produced any documents related to employees outside of Churchill Downs, this answer is necessarily incomplete.

Please supplement your answer with responsive information.

**Interrogatory No. 13:**

This interrogatory seeks information related to the annual gross dollar volume of revenue for KDE from 2012 to the present.

Contrary to your assertion that this Interrogatory is a "fishing expedition," this information is necessary to determine whether KDE is covered as an enterprise under the Fair Labor Standards Act. While you answered Request to Admit No. 3 affirmatively, the admission was subject to a host of objections that were not waived by making the admission. The only reason to reserve these objections appears to be to preserve a later argument that the admission was not, in fact, an admission. As such, Interrogatory No. 13 asks a relevant question.

If you intend to contest enterprise coverage, you must provide this information to the Secretary. If you fail to answer this interrogatory, however, the Secretary will argue to the Court that you have waived this argument.

**Interrogatory No. 14:**

This interrogatory seeks information as to whether certain employees of KDE engaged in interstate commerce or handled goods that moved in interstate commerce.

No answer was provided to this interrogatory. This question seeks an application of facts to law, which is permitted under the federal rules. Rule 33 provides, "An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact." Further, this interrogatory is related to whether certain employees are covered by the FLSA under individual coverage. If you intend to contest this point, you must provide the Secretary this information. If you fail to answer this interrogatory, however, the Secretary will argue to the Court that you have waived this argument.

**Interrogatory No. 15:**

As with Interrogatories 13 and 14, this interrogatory is related to whether you contest KDE and Steve Asmussen are subject to the Fair Labor Standards Act. If you intend to contest this point, you must provide the Secretary with information responsive to this interrogatory. If you fail to



answer this interrogatory, however, the Secretary will argue to the Court that you have waived this argument.

**Interrogatory No. 18:**

This interrogatory seeks the name of the person or persons responsible for hiring, firing and setting pay for employees of KDE.

While your answer refers to previous answers to Interrogatories Nos. 9 and 10, it is unclear which of these individuals are specifically responsive to this request, and how. Please specify in your answer, which of these previously identified individuals are responsive. If all, please state as much.

**Requests for Production**

As an initial matter, if you are withholding any documents on the basis of privilege, those documents must be identified in a privilege log. Several responses reference the need for a protective order. The Secretary believes such an order is unnecessary. Nonetheless, it is your burden to move the Court for entry of such an order. Fed. R. Civ. P. 26(c)(1).

Further, as stated above, the Secretary will limit his document requests to facilities in the Commonwealth of Kentucky, but not only to the Churchill Downs facility, for hot walkers, grooms and exercise riders. As no documents have been produced for other locations, please produce those now.

Likewise, you have indicated in most responses that responsive documents "have already been provided" or "will be made available for Plaintiff's review and inspection, at a mutually convenient time and location." Please supplement your responses to indicate that all responsive documents have now been produced with respect to Churchill Downs. Please also affirm that the documents produced during mediation are properly a part of your document production, and are not arguably covered under FRE 408 (as the documents have been designated by you).

With respect to Document Request No. 14, you have stated that you do not have any documents which would constitute "personnel files." The Secretary doubts that this response is accurate. For example, KDE should have I-9 forms for all its employees. Since you have represented during discussions that multiple listings of individuals on Exhibit B are, in fact, the same person, the I-9 forms will be useful for supporting that contention. These forms may aid in locating witnesses as well. While we do not believe that this is all the information in the individuals' personnel files[1], we believe it is part of it.

With respect to Document Request No. 19, the Secretary seeks information related to steps KDE took to ensure compliance with the Fair Labor Standards Act at any time between June 25, 2012 and the present. That is a relevant question and should be answered. One of the issues in this

---

[1] For example, there should be: W-4 forms for each employee; W-2s; possibly photocopies of social security cards/authorization to work cards; and applications and/or licenses for employees working at racetracks in Kentucky, as may be required by the state.



case is whether KDE has complied with the FLSA and, if not, whether such violations were willful. As such, this question relates directly to the parties' claims and defenses. While you may argue that KDE's previous history of compliance or non-compliance is not relevant, you must still produce responsive documents related to that question.

## Requests for Admission

### Request to Admit No. 1

This request seeks an admission that the persons listed on Exhibit B performed services for KDE. A substantive answer was not provided. In addition to your objections, which have been addressed above, you have denied the request, despite your admission that at least certain persons on Exhibit B have performed services for KDE. Rule 36 provides:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. **The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.**

Fed. R. Civ. P. 36(a)(4) (emphasis added). While your answer is in substance a failure to admit or deny, you have not stated that based on knowledge or information that you can readily obtain that you are unable to determine the answer. The Secretary would note that he has asked, essentially, that you admit that the employees that you had payroll records for during the Wage and Hour investigation performed services for you.

The Secretary believes that, to the extent you can admit that certain of the persons on Exhibit B performed services for you, you must do so. The rule does not permit you to make a blanket denial for information which you know to be true.

Please supplement this answer with the names of persons for whom you admit the Request.

### Request No. 4

This request seeks an admission that the individuals listed on Exhibit B and identified in Interrogatory No. 3 handled goods that have moved in "commerce." As with Request No. 1, to the extent that you can identify specific individuals for whom you do not deny this request, you must specifically make that admission. Please supplement this answer with the names of persons for whom you admit the Request.

**Request No. 5**

This Request seeks an admission that KDE Equine, LLC is an enterprise engaged in commerce as defined by the statute. Rule 36(a)(1)(A) specifically allows requests to admit based on "the application of law to fact." Thus, this Request is permissible. Moreover, Rule 36 requires you to specifically state the reasons for your denial. You have not done so. Please supplement this answer.

**Request Nos. 7 and 8**

Request Nos. 7 and 8 seek admissions that the hours worked by individuals on Exhibit B and identified in response to Interrogatory No. 3 were not accurately recorded on a daily and weekly basis on timekeeping and payroll records maintained by KDE.

As stated with respect to Request No. 5, Rule 36 requires you to specifically state the reasons for your denial. You have not done so. Please supplement this answer.

**Request No. 9**

This request seeks an admission that hot walkers and grooms work from 5:00 a.m. to 11 a.m. in the mornings, and from 3:30 p.m. to 5:00 p.m. in the afternoons. You have denied this Request and stated an objection to the word "typical." As discussed above, to the extent you wished to cure any ambiguity, you could have supplied a definition of "typical," and then responded to the request based upon the definition chosen. Moreover, you have denied this Request without stating the specific reasons for the denial. Please supplement this answer.

**Request No. 10**

This request seeks an admission that according to KDE's payroll records, individuals performing services for KDE were not paid overtime. As with Request No. 5, this is an application of fact to law, permitted under Rule 36. Again, your objections to word definitions are not well founded. Finally, you have again failed to state the specific reasons for your denial. Please supplement this answer.

We have attempted by this letter to address what we contend to be the afore-mentioned deficiencies in your discovery responses. If we cannot resolve the issues raised in this letter by close of business Monday, July 11, 2016, the Secretary will have no choice but to file a Motion to Compel, and will seek all remedies available under FRCP Rule 37. The Secretary takes the position that these issues must be resolved before depositions can be conducted.

Very truly yours,

THERESA BALL
Associate Regional Solicitor

By ______________________
NEIL A. MORHOLT
Attorney