UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

THOMAS E. PEREZ, Secretary of Labor
United States Department of Labor                                                            PLAINTIFF

v.                                                                              CIVIL ACTION NO. 3:15-CV-00562-CRS

KDE EQUINE, LLC, d/b/a
STEVE ASMUSSEN STABLES, and
STEVE ASMUSSEN                                                                            DEFENDANTS

Memorandum Opinion

I.   Introduction

This matter is before the Court on the motion of Plaintiff Thomas E. Perez, the Secretary of Labor for the United States Department of Labor ("The Secretary"), for leave to file an amended complaint, ECF No. 37. The Secretary tendered a proposed amended complaint, ECF No. 37-1. Defendants KDE Equine, LLC, Steve Asmussen Stables, and Steve Asmussen (collectively, "Defendants") objected, ECF No. 38. For the reasons stated below, the Court will grant the Secretary's motion for leave to file an amended complaint.

II.   Background

The Secretary filed this lawsuit under the Fair Labor Standards Act of 1938 (FSLA or "the Act"), 29 U.S.C. § 201, *et seq.*, pursuant to his authority granted by § 211(a) and § 216(c) of the Act. Compl. 1, ECF No. 1. The Secretary alleges in the original complaint that Defendants violated sections 7 and 15(a)(2) of the FSLA, §§ 207 and 215(a)(2), by employing employees for workweeks longer than 40 hours per week without compensating them in excess of such hours at rates not less than one and one-half times the regular rates at which they are employed. *Id*. at 4. He also asserts that Defendants violated sections 11(c) and 15(a)(5) of the Act, §§ 211(c) and

1

215(a)(5), and 29 C.F.R. § 516 by failing to keep and maintain adequate and accurate employment records. *Id*. at 5. The Secretary seeks (1) a permanent injunction restraining Defendants from violating the FSLA and from withholding wages under the FSLA, (2) an award of back wages for the previous three years, and (3) an additional liquidated damages amount and/or interest on such back wages. *Id*. at 6–7.

On September 15, 2015, Defendants filed an answer and their affirmative defenses. Answer, ECF No. 10. On October 3, 2016, the Secretary moved for leave to amend the complaint. Mot. Amend, ECF No. 37. The Secretary attempts to modify the original complaint in five ways.

- First, he adds an allegation that Defendants have violated the minimum wage rules contained in section 6 of the FSLA, § 206, since June of 2012. Proposed Am. Compl. 4, ECF No. 37-1.

- Second, he seeks to clarify that he seeks back wages for all employees who he asserts were misclassified as exempt employees under Part 541 of the regulations, including employees working at locations other than Churchill Downs. *Id*. at 5.

- Third, the Secretary attempts to specify the alleged types of record-keeping violations, such as a failure to maintain records of employees' gender and occupations. *Id*. at 5–6.

- Fourth, he seeks to explain that he is seeking back wages and liquidated damages and/or interest between June 2012 and the date on which Defendants' compliance with the FSLA is established. *Id*. at 7–8.

- Fifth, the Secretary attempts to expand the number of employees from 100 listed in the original complaint to 163 listed in the amended complaint who he claims are

2

        entitled to back wages and liquidated damages and/or interest. Compl. Ex. B., ECF
        No. 1-3; Am. Compl. Ex. B, ECF No. 37-2.

III.    Discussion

        The Secretary argues that the Court should grant leave to amend the complaint because the amendments will "more properly frame and place before the Court all appropriate and legitimate issues in this cause." Mot. Leave Am. 4, ECF No. 37. He additionally contends that Defendants will not be prejudiced by the amendment because "[a]ny new matters to be asserted in the proposed Amended Complaint arose out of the conduct, transactions or occurrences set forth in the original Complaint, and therefore relate back to the date of its filing." *Id*. at 4–5. Defendants argue, however, that the amendments seek to change and expand the claims that have been litigated for over a year. Obj. Mot. Am. 2, ECF No. 38. They assert that the "proposed amendments would serve only to prolong the litigation, permit [the Secretary] to further harass [them] with yet further discovery, ultimately to the prejudice of the Defendants." *Id*. at 6.

        Federal Rule of Civil Procedure 15 governs amendments. Rule 15 "reject[s] the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept[s] the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Under Rule 15, "[a] party may amend its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b)." Fed. R. Civ. P. 15(a)(1)(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

        Although the court should generally grant an amendment to a complaint, it should deny such a request when the amendment would cause "undue prejudice to the opposing party." *Foman*, 371 U.S. at 182; *see also Moore v. Paducah*, 790 F.2d 557, 562 (6th Cir. 1986) (explaining that to deny a

motion to amend, the court must find "least some significant showing of prejudice to the opponent"). One example of significant prejudice that justifies the court's denying leave to amend a complaint is if an amendment involves new theories of recovery. *Cook v. Field Packing Co.*, No. 4:05CV-83-M, 2006 U.S. Dist. LEXIS 37364, at *7 (W.D. Ky. May 31, 2006) (citing *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998)). A defendant would also be significantly prejudiced if the plaintiff sought to amend the complaint after the close of discovery and the filing of dispositive motions. *See Duggins v. Steak 'n Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999).

In reviewing the pleadings and the record in this case, this Court concludes that the amendments to the complaint would not severely prejudice Defendants. Although the case has now been litigated for over a year, the amendments to the claims—including the addition of a claim under section 6 of the FSLA—arise from the same facts and transactions that are alleged in the original complaint. And while the proposed amendments likely will require additional discovery, the discovery period continues until April 4, 2017, whereas the period for filing dispositive motions continues until May 30, 2017. Am. Scheduling Order 1, ECF No. 40. Finally, the Court finds that the amendments do not change or unduly expand the claims that have already been asserted in the action. Given that the proposed amendments would not severely prejudice Defendants, and recognizing that amendments should generally be granted to ensure that cases are decided on their merits, the Court will grant the Secretary's motion for leave to file an amended complaint.

IV.	Conclusion

The Court will grant the Secretary's motion for leave to file an amended complaint. An order will be tendered in accordance with this memorandum opinion.

December 31, 2016

Charles R. Simpson III, Senior Judge
United States District Court